The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, AR 72032
Dear Senator Baker:
You have requested my opinion on the following questions:
 (1) Can a city that has enacted a one-cent sales tax repeal that tax in order to participate and receive a pro rata share of the county's one-half cent sales tax?
 (2) If the city does repeal its one-cent sales tax, can it later re-adopt its one-cent sales tax?
 (3) Would the city have to submit the new sales tax to the voters or could it be done by ordinance?
RESPONSE
Question 1 — Can a city that has enacted a one-cent sales tax repeal that tax in order to participate and receive a pro rata share of the county's one-half cent sales tax?
Summary of Response: The answer to this question will depend upon the statutory authority under which the county sales tax in question was enacted. If that tax was enacted under any statutory authority other than A.C.A. § 26-74-401 et seq., it is not necessary for the city to repeal its local sales tax in order to receive a share of the county sales tax. However, if the county sales tax was enacted under the authority of A.C.A. § 26-74-401 et seq., the effect of the city's repeal of its local sales tax will be to allow the city to receive a share of the county tax.
Discussion: The city can repeal any local sales tax that it has enacted if the proceeds of that tax have not been pledged for the payment of lease rentals or bonds, or if any lease rentals or bonds for which the proceeds were pledged are no longer in effect or outstanding. See A.C.A. § 26-75-210; A.C.A. § 26-75-310; A.C.A. § 26-75-402.[1] If the county sales tax to which your question refers was enacted under the authority of A.C.A. § 26-74-401 et seq., the effect of the city's repeal of its local sales tax will be to allow it to receive its share of the proceeds of the county sales tax.
I am assuming that the county sales tax to which your question refers was, in fact, one that was enacted under the authority of A.C.A. §26-74-401 et seq., because this is the only county sales tax the proceeds of which are not allocated (per capita) to cities that have enacted their own local sales tax. The statutory provision that addresses the distribution of the proceeds of this county sales tax states:
 [T]he State Treasurer shall determine which cities or towns within the county do not levy a local sales tax and remit to those cities or towns a percentage of the tax based upon the population of the city or town versus the population of the county.
A.C.A. § 26-74-409(a)(3).
The State Treasurer is required to make its remittances on a monthly basis. A.C.A. § 26-74-409(b)(2)(A). It is therefore reasonable to expect that in the month after the city has repealed its own sales tax and has certified this fact to the State Treasurer, it will be among the cities that the Treasurer determines, pursuant to A.C.A. § 26-74-409(a)(3), are entitled to an allocation.
State law does not set forth a required procedure for assuring that the State Treasurer is notified that the city has repealed its local sales tax. The rules and regulations of the Department of Finance and Administration state no required procedure for this notification either.
It should be noted that if the county sales tax in question was enacted under any statutory authority other than A.C.A. § 26-74-401 et seq., it is not necessary for the city to repeal its sales tax in order to receive its share of the proceeds of the county sales tax. See, e.g., A.C.A. §26-74-201 et seq. and A.C.A. § 26-74-301 et seq. These statutory schemes specifically provide for cities to receive a per capita share of the proceeds of the county sales tax authorized thereunder. A.C.A. §§ 26-74-214
and 26-74-313. Moreover, the entitlement of cities to receive their share of such taxes is supported even by the provisions governing the county sales tax authorized by A.C.A. § 26-74-401 et seq., which include the following specific provision:
 (b) If any county levying a one-half percent (0.5%) tax under the authority of this subchapter subsequently levies any additional sales and use taxes under authority of any other law, the net revenues derived from any such additional levy or levies shall be allocated and distributed to the county and the municipalities in the county on a per capita basis in the manner provided in § 26-74-313.
A.C.A. § 26-74-414(b).
Finally, it should be noted that if the city sales tax in question was originally enacted under the authority of A.C.A. § 26-75-201 et seq., and the county sales tax in question was enacted subsequently, the city can abolish its tax (to the extent permissible, as explained above) by a two-thirds vote of the city council, or by a petition of the qualified voters in the city. See A.C.A. § 26-75-210(a).
Question 2 — If the city does repeal its one-cent sales tax, canit later re-adopt its one-cent sales tax?
It is my opinion that if the city repeals its sales tax, it can later re-levy such a tax following the procedures required for a re-levy. In most cases, this re-levy will require a vote of the people.
If the repealed tax was originally enacted under the authority of A.C.A. § 26-75-201 et seq., the reproposal of the tax is subject to the requirements of A.C.A. § 26-75-213, which states:
 (a)(1) Except as provided in § 26-75-210 and in subsection (b) of this section, when the question of the levy or repeal of a city sales and use tax is submitted to the electors and the proposition is approved or defeated, the question shall not again be submitted to the electors by ordinance of the governing body of the city or by petition of electors for a period of six (6) months from the date the proposition was last voted upon.
 (2) Petitions requesting that the issue be submitted to the electors of the city shall contain the signatures of at least fifteen percent (15%) of the electors of the city as determined by the total number of votes cast for all candidates for mayor of the city at the last preceding general election.
 (3) The petitions shall be filed with and verified by the city clerk. If the petitions are found to be sufficient, the issue shall be submitted to the electors at a special election or the next general election as may be requested by the petitions.
 (4) If the petitions request that the issue be submitted at a special election, the special election shall be called for a date not less than thirty (30) days nor more than sixty (60) days from the date on which the clerk certifies the sufficiency of the petitions to the governing body of the city.
 (b) In any city in which a local sales and use tax has been adopted in the manner provided for in this subchapter and all or any portion pledged to secure the payment of lease rentals or bonds as authorized by this subchapter, that portion of the tax pledged to the payment of lease rentals or bonds shall not be repealed, abolished, or reduced so long as the lease is in effect or any of the bonds are outstanding.
A.C.A. § 26-75-213.
When the tax is reproposed, the procedures for the original levy of the tax must be followed as though it is being proposed for the first time.See A.C.A. § 26-75-207 through 209; Ops. Att'y Gen. Nos. 99-424; 97-231. These procedures require an election. See A.C.A. § 26-75-208, -209(1)(A).
If the city's repealed sales tax was originally enacted under the authority of A.C.A. § 26-75-401 et seq., its re-levy will be subject to the same requirements that are stated in A.C.A. § 26-75-213, as well as to the procedural requirements for a first-time levy. See A.C.A. §26-75-402; Ops. Att'y Gen. Nos. 99-424; 97-231. Among these procedural requirements is the requirement of an election. A.C.A. § 26-75-208, -209(1)(A); A.C.A. § 26-75-402 (making the provisions of A.C.A. §26-75-207 through -212).
If the city's repealed sales tax was originally enacted under the authority of A.C.A. § 26-75-301 et seq., A.C.A. § 26-74-501 et seq.,
A.C.A. § 26-75-601 et seq., or A.C.A. § 26-75-701 et seq., the re-levy is not subject to a time-limitation like the one that is applicable to taxes re-levied under A.C.A. § 26-75-201 et seq. However, the re-levy must follow the same procedures that are applicable to a first-time levy. See
A.C.A. § 26-75-307 through -309; A.C.A. § 26-75-502 through -504; A.C.A. § 26-75-602; A.C.A. § 26-75-701 through -703; Ops. Att'y Gen. Nos.99-424; 97-231. An election must be held in order to authorize a re-levy of taxes under all of these statutory schemes except for A.C.A. § 24-75-601 et seq. That tax may be levied by ordinance. The others require an election. See A.C.A. § 26-75-308, -309(1)(A); A.C.A. § 26-75-503; A.C.A. § 26-75-702. It should be noted that the election required by A.C.A. § 26-75-702 is required only if petitions signed by not less than five hundred qualified electors of the city are filed within 30 days after the adoption of the levying ordinance.
Question 3 — Would the city have to submit the new sales tax to thevoters or could it be done by ordinance?
As noted in response to Question 2, the city must submit the new sales tax to the voters if it is being levied under the authority of A.C.A. §26-75-201 et seq.; A.C.A. § 26-75-301 et seq., A.C.A. § 26-75-401 etseq., A.C.A. § 26-75-501 et seq.; or A.C.A. § 26-75-701 et seq. Only if the tax is being levied under the authority of A.C.A. § 26-75-601 etseq. can it be done by ordinance only. However, it should be noted that even an ordinance enacted under the authority of A.C.A. § 26-75-601 etseq. will be subject to the referendum provisions of Amendment 7 of the Arkansas Constitution.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] It should be noted that A.C.A. § 26-75-501 et seq., A.C.A. §26-75-601 et seq., and A.C.A. § 26-75-701 et seq. authorize certain local taxes. These statutory schemes do not specifically address the repeal or abolition of these taxes. However, these taxes are subject to the initiative and referendum provisions of Amendment 7.